

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHAOJIE CHEN,<br>    a/k/a "Chao Jie Chen,"<br>    a/k/a "Cao Jie Chen,"<br>    a/k/a "Jay,"<br>    a/k/a "Jie"<br>    a/k/a "Jimmy,"<br>    a/k/a "Tim,"<br>    a/k/a "Justin,"<br>    a/k/a "Kelvin,"<br><br>        *Defendant*. | No. 1:24-cr-169 |

## STATEMENT OF FACTS

The United States and the defendant, CHAOJIE CHEN, (hereinafter, "the defendant"), agree that the following facts are true and correct and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. From at least in or around April 2019 to April 18, 2024, in the Eastern District of Virginia and elsewhere, the defendant knowingly and intentionally combined, conspired, confederated, and agreed with others, both known and unknown, to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit: (1) to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances and conspiracy to do the same in violation of 21 U.S.C. §§ 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal

and disguise the nature, location, source, ownership, or control of the proceeds and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and (2) to conduct financial transactions affecting interstate and foreign commerce, which involved property represented to be the proceeds of specified unlawful activity, that is, the distribution of controlled substances and conspiracy to do the same, in violation of 21 U.S.C. §§ 841(a)(1) and 846, with the intent to conceal and disguise the nature, location, source, ownership, or control of the property believed to be the proceeds of said specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(3)(B), and 1956(h).

2. The defendant was a crucial member of an international money laundering conspiracy that served foreign drug trafficking organizations ("DTOs") by gathering, laundering, and repatriating proceeds derived from the unlawful sale of controlled substances in the United States, including the sale of cocaine and fentanyl.

3. The defendant and his co-conspirators used various secretive and clandestine methods to conceal the nature, location, source, ownership, or control of the proceeds from detection. For example:

    a. The defendant and his co-conspirators regularly received bulk cash from representatives of drug trafficking organizations based in Mexico;

    b. The defendant and his co-conspirators collected and transported drug proceeds across state lines so that additional money laundering transactions could be conducted several states removed from where the proceeds were generated;

    c. The defendant and his co-conspirators used encrypted communications platforms to discuss their illegal activities, including "WeChat" and "WhatsApp";

d. The defendant and his co-conspirators confirmed their authorization to collect drug cash from DTO representatives by presenting verification codes, which were often serial numbers taken from U.S. or foreign currency notes;

e. The defendant and his co-conspirators used bank accounts in the United States, the People's Republic of China, Mexico, and elsewhere to deposit and conduct financial transactions with drug proceeds, including those derived from the sale of cocaine and fentanyl.

f. The defendant and his co-conspirators purchased bulk electronics in the United States using drug proceeds which were then shipped overseas, including to co-conspirators in China, where they were resold as part of a trade-based money laundering scheme.

4. The defendant and his co-conspirators profited through commissions based on the amount of money involved in each financial transaction.

5. The object of the conspiracy was to receive proceeds from the distribution of narcotics, conceal those proceeds from detection, and then launder the proceeds.

6. The defendant received and transported illicit drug proceeds in furtherance of the money laundering conspiracy on multiple occasions, including:

a. On April 3, 2019, near Detroit, Michigan, the defendant picked up and transported a suitcase containing $200,320 in bulk cash drug proceeds which were seized by law enforcement during a traffic stop. The defendant knew that this bulk cash represented proceeds that had been generated by the sale of illegal narcotics;

b. On April 27, 2020, in Chicago, Illinois, the defendant and a co-conspirator picked up and transported a bag containing $149,680 in bulk cash drug proceeds

which were seized by law enforcement during a traffic stop. The defendant knew that the cash he picked up was derived from the sale of illegal drugs. Following the stop, the defendant provided investigators with consent to search several properties, including the defendant's residence in Chicago located at 955 West 37th Street, Unit #8, Chicago, Illinois 60609. These searches discovered, among other things, ledgers and electronic evidence reflecting at least $14,949,664 received by the defendant and then apportioned out to various co-conspirators, receipts, more than 250 Apple gift cards used for trade-based money laundering, vacuum seal bags, a vacuum sealer, a money counting machine, and rubber bands.

c. On or about January 15, 2024, the defendant transported a total of $160,000 in bulk cash drug proceeds in the Staten Island, New York, area on behalf of a co-conspirator based in China ("CC-1"). The defendant admits that he knew the cash that he transported was derived from the sale of illegal drugs.

7. At the direction of CC-1 and in furtherance of the conspiracy, the defendant helped to coordinate the planned pick up of bulk cash represented to be drug proceeds in Arlington, Virginia, within the Eastern District of Virginia, on January 16, 2024. CC-1 had agreed to launder $200,000 in law enforcement funds that were represented to be illegal drug proceeds and were to be picked up in the Eastern District of Virginia. This transaction, however, was ultimately canceled by CC-1.

8. The defendant's knowledge of the nature and source of the bulk cash he received and transported was evident in the nature of his transactions with co-conspirators in which he and co-conspirators would clandestinely meet at various locations, exchange verification tokens, and then transfer large quantities of bulk cash as well as in the steps he and others took to avoid

4

detection by law enforcement, including the frequent use of aliases, the conversion of proceeds to bulk electronics that were shipped to China for resale, and the avoidance of using traditional banking systems.

9. On April 18, 2024, law enforcement executed a federal search warrant at the defendant's residence and located $73,834 in currency secreted throughout the house, a 9mm pistol, a ballistic armor vest, and numerous other items indicative of money laundering including a money counter, rubber bands, and vacuum seal bags. The defendant admits that the currency seized from his residence on April 18, 2024, represents proceeds of the charged money laundering offense and agrees to its forfeiture to the United States. He further admits that the pistol and ballistic armor vest seized from his residence were used as a means of securing himself and illegal drug proceeds that he stored at his residence and agrees to their forfeiture to the government.

10. The defendant further admits that the property located at 955 West 37th Street, Unit #8, Chicago, Illinois 60609, represents property purchased with proceeds, property involved in the charged money laundering offense, and property traceable to such property and agrees to its forfeiture to the United States under 18 U.S.C. § 982.

11. This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

...

13. This Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether it is presented to or accepted by a court.

14. The defendant waives any rights that he may have under Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of this Statement of Facts in any such proceeding.

JESSICA D. ABER
United States Attorney
Eastern District of Virginia

_____/s/_____
Edgardo J. Rodriguez
Assistant United States Attorney

MARGARET A. MOESER
Chief
Money Laundering and Asset Recovery Section

_____/s/_____
Mary K. Daly
Trial Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, CHAOJIE CHEN, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
CHAOJIE CHEN

I am Joel S. Cohen, the defendant's attorney. I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Joel S. Cohen
Attorney for the Defendant