IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



UNITED STATES OF AMERICA

v.

CHAOJIE CHEN,
    a/k/a "Chao Jie Chen,"
    a/k/a "Cao Jie Chen,"
    a/k/a "Jay,"
    a/k/a "Jie,"
    a/k/a "Jimmy,"
    a/k/a "Tim,"
    a/k/a "Justin,"
    a/k/a "Kelvin,"

    *Defendant.*

Criminal No. 1:24-cr-169

## CONSENT ORDER OF FORFEITURE

BASED UPON the plea agreement into which the defendant and the United States have entered, and finding the requisite nexus between the property listed below and the offense to which the defendant has pleaded guilty, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1):

    a. A sum of money in the amount $14,949,664.00, which represents the sum involved in Count 1 of the Indictment and which sum shall constitute a monetary judgment against the defendant in favor of the United States. This is a sum for which the defendant shall be solely liable. Further, this sum shall be partially offset by the government's net from the forfeiture of the assets listed below in the same paragraph of this Order;

    b. The real property located at 955 West 37th Street, Unit #8, Chicago, Illinois 60609, and legally described as:

        *Beginning at the southwest corner of Lot 5 in Lexington Square Subdivision, being a subdivision in part of the east 1/2 of the*

1

> *southeast 1/4 of Section 32, Township 39 North, Range 14, east of the Third Principal Meridian, in the City of Chicago, according to the plat thereof recorded December 21, 2007 as Document No. 07-35515054; thence north 00 degrees 00 minutes 00 seconds east along the west line of said Lot 5, a distance of 20.69 feet; thence north 90 degrees 00 minutes 00 seconds east, a distance of 48.00 feet to a point on the east line of said Lot 5; thence south 00 degrees 00 minutes 00 seconds west along said east line, a distance of 20.93 feet to a point on the south line of Lot 5, being also the south line of Lexington Square Subdivision; thence north 89 degrees 42 minutes 55 seconds west along said south line, a distance of 48.00 feet to the point of beginning, in Cook County, Illinois.*

   c. **A 2023 Lexus RX350 bearing VIN# 22BAMCAXPC017855; and**

   d. **$73,834.00 in United States currency seized from the defendant's residence on April 18, 2024.**

2. The following property is forfeited to the United States 18 U.S.C. § 924(d) as incorporated by 28 U.S.C. § 2461(c), along with 18 U.S.C. § 982(a)(1):

   a. **One (1) Springfield XDM 9mm caliber pistol bearing serial number MG474311, and any accompanying magazines and ammunition; and**

   b. **One (1) green Safe Life Defense ballistic vest, model SLDTACOD, size medium, Lot 45.**

3. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same, regardless of whether presently held by the defendant or a third party. The United States is further authorized to conduct any discovery proper in identifying, locating, or disposing of the forfeited property, pursuant to Fed. R. Crim. P. 32.2(b)(3).

4. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

5. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of an alleged interest in the property, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

7. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered. If no third-party files a timely petition, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and shall dispose of the property in accordance with law.

8. As to the monetary judgment set forth in Paragraph 1 above, the defendant stipulates and the Court finds that the requirements of 21 U.S.C. § 853(p) have been satisfied and that the government may, by motion filed pursuant to Fed. R. Crim. P. 32.2(e), collect on its monetary judgment by all available means, including but not limited to the forfeiture of directly forfeitable and substitute assets.

9. Upon entry of this Order, the United States Attorney's Office is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, to identify, locate, or dispose of forfeitable property.

Michael S. Nachmanoff
Digitally signed by Michael S. Nachmanoff
Date: 2024.12.04 16:59:28 -05'00'

_____
Honorable Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia

Dated: _____

The parties stipulate and agree that the aforementioned assets represent property described in 18 U.S.C. §§ 924(d)(1), 982(a)(1), and 28 U.S.C. § 2461(c), and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this Order. The defendant further stipulates that the requirements of 21 U.S.C. § 853(p) have been satisfied. The defendant agrees not to file or interpose any claim to the property listed herein, in whole or in part, in any proceedings or manner whatsoever.

JESSICA D. ABER
UNITED STATES ATTORNEY

SEEN AND AGREED TO:

*Edgardo J. Rodriguez* (signature)
Edgardo J. Rodríguez
Assistant United States Attorney

*Joel S. Cohen* (signature)
Joel S. Cohen
Counsel for the Defendant